UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE – OPELOUSAS DIVISION

UNITED STATES OF AMERICA      CR. NO. 02-60033-01

VERSUS      JUDGE DOHERTY

RAMON A. PANIAGUA      MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

(Rec. Docs. 278, 280)

Ramon A. Paniagua ("Petitioner") is incarcerated at a federal correctional center in Fort Dix, New Jersey.  Currently before this Court is his *pro se* motion to dismiss for lack of jurisdiction, which was brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and/or the All Writs Act.[1]  Petitioner contends that this Court had no jurisdiction over one of the crimes of which he was accused and, for that reason, he further contends that his conviction and enhanced sentence for possession of a firearm in connection with a drug trafficking offense, under 18 U.S.C. § 9214(c), violated his Constitutional right to be tried in the district where the crime was committed.  The respondent was served and has filed an answer as well as a memorandum in response to the motion.

This matter was referred to the undersigned for review, report, and recommendations in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.

---

[1]      In his Traverse to Government's Response (Rec. Doc. 284), Petitioner "request[s] leave of this Court to treat his prior motions and this motion as motion pursuant to 28 U.S.C. § 1651(a) (All Writs Act)," arguing that the writ of *coram nobis* may be relied upon to vacate his sentence on the firearms charge.

For the following reasons, it is recommended that the petition be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit for further proceedings pursuant to 28 U.S.C. § 2244(b)(3)(A).

## Background

On May 14, 2003, a federal grand jury returned a six-count superseding indictment against Petitioner and others.  (Rec. Doc. 63).  In Count One, Petitioner was charged with conspiracy to distribute cocaine hydrochloride.  In Count Two, Petitioner was charged with possession of cocaine with intent to distribute.  In Count Four, Petitioner was charged with use of a firearm in relation to a drug trafficking crime.  On January 19, 2005, pursuant to a written plea agreement, Petitioner pled guilty to Counts One, Two, and Four.  (Rec. Doc. 169, 170).

Petitioner was subsequently sentenced to 168 months imprisonment as to Counts One and Two and sixty months imprisonment as to Count Four.  The sentence for Count Four was to run consecutively to the sentence for Counts One and Two.  The total term of imprisonment is, therefore, 228 months.  (Rec. Docs. 228-229).

In August 2006, Petitioner filed a notice of appeal.  (Rec. Doc. 233).  In September 2006, the Fifth Circuit Court of Appeals dismissed Petitioner's appeal as frivolous.  (Rec. Doc. 256).

In August 2007, Petitioner filed a motion to vacate, set aside, or correct his sentence, under 28 U.S.C. § 2255 on the basis of ineffective assistance of counsel.  (Rec. Doc. 262).  He did not raise the claims asserted in the pending motion.  The motion was denied.  (Rec. Docs. 268, 270).

Petitioner then filed a notice of appeal and a request for a certificate of appealability.  (Rec. Docs. 271, 273).  This Court denied the request for certificate of appealability.  (Rec. Doc. 274).

Petitioner filed a notice of appeal.  (Rec. Doc. 276).  The Fifth Circuit ruled on the appeal and denied Petitioner's request for a certificate of appealability, concluding that Petitioner failed to make a substantial showing of the denial of a Constitutional right.

While the appeal was pending, Petitioner filed and amended the instant motion.  (Rec. Docs. 278, 280).  In the motion, Petitioner argues that the district court lacked jurisdiction to convict him on Count Four because there is no evidence that he used a firearm in Louisiana in connection with the alleged drug trafficking offenses.  He argues that he is alleged to have been in possession of firearms only in Connecticut where he was arrested for being a fugitive.  He seeks to have his conviction and sentence on Count Four vacated and set aside.

## Law and Analysis

It is well-settled that courts may treat Rule 60(b) motions that are brought by prisoners seeking to set aside their convictions on Constitutional grounds as § 2255 motions.[2]  A Rule 60(b) motion, like the one filed by Petitioner in this case, or any other motion, is considered to be the functional equivalent of a § 2255 motion when the motion attacks the underlying conviction and sentencing in a criminal case rather than some defect in the integrity of the federal *habeas corpus* proceedings.[3]  That is precisely the nature of Petitioner's motion.  He seeks to have his conviction and sentencing on Count Four of the superseding indictment vacated.  Therefore, the undersigned

---

[2]      See, e.g., *Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir. 1999); *United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998).

[3]      *Gonzales v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 2646-48, 162 L.Ed.2d 480 (2005).

finds the motion, although styled as a Rule 60(b) motion, is, in substance, a claim for relief under § 2255.

Although Petitioner did not raise a challenge to the firearms count of the indictment or a challenge to the enhancement of his sentence because of his conviction on the firearms count in his original § 2255 motion, he could have done so at that time.  When a claim is available to the petitioner that could have been asserted in his initial *habeas* motion, but is not so raised and is asserted in a later pleading, the claim is properly classified as "second or successive" under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA.")[4]

AEDPA's restriction on "second or successive" *habeas corpus* applications serves a gatekeeping function by preventing the repeated filing of *habeas* petitions that attack the prisoner's underlying conviction.[5]  Although AEDPA does not define the term "second or successive," the jurisprudence is clear that a prisoner's application for post-conviction relief is not deemed to be "second or successive" simply because it follows an earlier petition for such relief.  Instead, a subsequent motion is considered to be "second or successive" when it either raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition or constitutes abuse of the writ process.[6]  When Petitioner filed his initial § 2255 petition in 2007, he did not seek to have his conviction and sentence on Count Four vacated although he could have done so.  Therefore, the undersigned finds that the pending motion constitutes a "second or successive" petition for post-conviction relief.

---

[4]        *U.S. v. Orozco-Ramirez,* 211 F.3d 862, 869 (5th Cir. 2000).

[5]        *Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009).

[6]        *U.S. v. Orozco-Ramirez,* 211 F.3d at 867.

A prisoner is permitted to file a second or successive § 2255 motion only under certain circumstances.  AEDPA states that a prisoner must receive authorization from the court of appeals before filing a second or successive § 2255 motion.[7]  In this matter, there is no indication in the record that Petitioner sought authority from the Fifth Circuit before filing the instant motion.  When a prisoner's motion is construed as a successive § 2255 motion, and the motion was filed without authorization from the appellate court, the district court lacks jurisdiction to entertain the motion.[8]  The prisoner's failure to seek appellate court authorization acts as a jurisdictional bar.[9]  Consequently, until such time as Petitioner obtains authorization, this Court has no jurisdiction over Petitioner's pending motion.[10]

Alternatively, AEDPA states that, if a petitioner presents a new claim in a "second or successive" *habeas* application, that claim must be dismissed unless (1) the petitioner is relying on a new rule of constitutional law that was previously unavailable, or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim would establish, by clear and convincing evidence that, but for Constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.[11]  Petitioner's motion does not seek to establish either of these two exceptions to the rule prohibiting

---

[7]     28 U.S.C. §§ 2255, 2244(b)(3)(A).

[8]     *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).  See, also, *United States v. Jefferson*, 225 Fed.Appx. 264, 2007 WL 1170879, 1 (5th Cir. 2007).

[9]     *United States v. Key*, 205 F.3d at 774.

[10]     *Hooker v. Sivley*, 187 .3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d at 774; *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

[11]     28 U.S.C. § 2244(b)(2)(A)-(B)(ii).

"second or successive" *habeas* applications.  His current motion does not rely upon newly discovered facts or upon a new rule of Constitutional law.  For that reason, it does not satisfy AEDPA's requirements for permissible "second or successive" § 2255 motions.

Therefore, Petitioner's motion, as a "second or successive" motion, is flawed for two reasons: Petitioner did not seek authority from the Fifth Circuit before filing the motion, and the motion does not satisfy AEDPA's criteria for sustainable "second or successive" motions.

Petitioner argues that he is entitled to relief, notwithstanding classification of his motion as an unsustainable "second or successive" attempt at *habeas corpus* relief, because he has sought to restyle his Rule 60(b) motion as an application for relief under the All Writs Act or, more particularly, under the writ of *coram nobis*.  "A petitioner may obtain this writ only upon 'demonstrat[ing] that he is suffering civil disabilities as a consequence of the criminal conviction and that the challenged error is of sufficient magnitude to justify the extraordinary relief.'"[12]  Still, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover."[13]  Therefore, the undersigned finds that Petitioner's motion is a § 2255 motion regardless of Petitioner's effort to restyle it.  As previously set forth, absent authorization from the Fifth Circuit to file the motion, the district court lacks jurisdiction over Petitioner's motion.  Therefore, the issue of whether the writ of *coram nobis* can even be utilized as a vehicle for reviewing the District Court's jurisdiction over Petitioner's firearms charge should not be reached.

---

[12]        *United States v. Drobny*, 955 F.2d 990, 996 (5th Cir. 1992), quoting *United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989).

[13]        *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (emphasis in original).

-6-

Alternatively, the writ of *coram nobis* should be denied.  Petitioner is in custody.  "When a defendant is no longer in custody, a writ of error *coram nobis* is the appropriate procedural vehicle for attacking a conviction."[14]

Petitioner cites *United States vs. Johnson*, 237 F.3d 751 (6th Cir. 2001) for the proposition that he can assert the writ now because his sentence on the firearm charge is to run consecutively with his conviction on the drug trafficking charges, and, therefore, he has not yet begun serving the sentence that he is attacking.  However, the court in *Johnson* provides no support for petitioner's argument:

> At common law, the writ of error coram nobis was used as a device for correcting fundamental errors in both civil and criminal cases.  Although use of the writ was suspended in civil cases pursuant to Fed.R.Civ.P. 60(b), it survived in the criminal context.  See *United States v. Morgan*, 346 U.S. 502, 506, 74 S.Ct. 247, 98 L.Ed. 248 (1954), where the Supreme Court held in that context that federal courts retained power to issue the writ, under certain circumstances, pursuant to the All Writs Act, 28 U.S.C. § 1651.  *Morgan* teaches that a writ of error coram nobis may sometimes be used to vacate a federal conviction **after** the petitioner has already served his sentence and relief under 28 U.S.C. § 2255 is unavailable.
>
> * * * * *
>
> Coram nobis is an extraordinary writ, used only to review errors of the most fundamental character- e.g., errors rendering the proceedings themselves invalid.  To be entitled to relief, the petitioner must demonstrate (1) an error of fact; (2) unknown at the time of trial; (3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known.  In addition, the writ of coram nobis is available only "when a § 2255 motion is unavailable - generally, when the petitioner has served his sentence completely and thus is no longer 'in custody' as required for § 2255 relief."[15]

---

[14]     *United States vs. Drobny*, 955 F.2d at 996.

[15]     *U.S. v. Johnson* 237 F.3d at 753-55 (citations omitted; emphasis added).

Therefore, the undersigned finds that the relief sought is properly brought pursuant to § 2255, and this court is without jurisdiction to hear Petitioner's pending motion inasmuch as authorization has not been obtained from the Court of Appeal.  Given that circumstance, combined with the fact that Petitioner is challenging the subject matter jurisdiction of the district court to convict and sentence him on the firearms charge, the undersigned recommends that transfer is the appropriate remedy.

The Fifth Circuit, in the case of *In Re Epps*,[16] outlined the procedure to be used when a district court determines that transfer of a "second or successive" *habeas corpus* petition to the Court of Appeals is appropriate.  The *Epps* decision did not mandate the transfer of successive § 2255 petitions to the Fifth Circuit.  Instead, it suggested that transfer might be appropriate in some cases and set forth a procedure to be used when a successive petition filed without prior authorization is transferred to the appellate court by a district court.  Transfer of this case is appropriate and authorized by 28 U.S.C. § 1631, which states that:

> Whenever a civil action is filed in a court... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action... to any other such court in which the action... could have been brought at the time it was filed... and the action... shall proceed as if it had been filed in... the court to which it is transferred....

The undersigned concludes that Petitioner's motion should be transferred to the court of appeals so that Petitioner may seek permission from that court to file this successive motion.

---

[16]     127 F.3d 364 (5th Cir. 1997).

### *Conclusion and Recommendations*

Petitioner's pending motion asserts the lack of subject matter jurisdiction as a basis for vacating Petitioner's conviction and sentence relating to Count Four of the superseding indictment. Petitioner's motion is the functional equivalent of a "second or successive" § 2255 application but, on its face, it does not satisfy AEDPA's requirements for permissible "second or successive" applications.  Furthermore, Petitioner did not seek authorization from the Fifth Circuit Court of Appeals before filing the motion.  For these reasons,

**IT IS RECOMMENDED** that Petitioner's pending motion (Rec. Docs. 278, 280) be deemed a successive *habeas corpus* petition and that it be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this report and recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 18th day of May, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

-10-