RECEIVED
JUN - 9 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | DOCKET NO. 02-CR-60033-01 |
| VERSUS | JUDGE DOHERTY |
| RAMON A. PANIAGUA | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING AND ORDER

Before the Court is a Report of the magistrate judge, recommending that this Court dismiss petitioner Ramon A. Paniagua's *pro se* Motion to Dismiss for Lack of Jurisdiction and Amended Motion to Dismiss[1] [Docs. 278 & 280]. The magistrate judge recommends this Court deem the instant motions a successive §2255 *habeas corpus* petition and that this Court transfer the petition to the United States Court of Appeals for the Fifth Circuit United pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. §2244(b).

The magistrate judge concluded the motion before the Court is, in fact, a successive §2255 *habeas* petition for which the petitioner has not sought or obtained authorization to file, hence his recommendation of a transfer of the motion to the Fifth Circuit to determine whether the motion should be considered by this Court. In his Objections, petitioner contends his motion is not properly deemed a §2255 petition, because he has not yet begun to serve the sentence he challenges, which is the sixty-month sentence on his firearms charge, set to run *consecutive* to his 168-month sentence

---

[1] The gist of petitioner's motions is that the district court lacked jurisdiction to convict him on a firearm charge, because there was no evidence he used a firearm in Louisiana in connection with his alleged drug trafficking offenses. Petitioner argues he is alleged to have been in possession of firearms only in Connecticut where he was arrested for being a fugitive. Therefore, petitioner seeks to have his conviction and sentence on the firearm charge vacated and set aside.

on his two drug charges. This consecutive sixty-month sentence has not yet begun to run.

Petitioner cites *Johnson v. U.S.*, 344 F.2d 401 (5th Cir. 1965) for the proposition that the writ of *coram nobis* is proper to attack a sentence that has not yet been served. In *Johnson*, the Fifth Circuit noted §2255 is available only to contest the validity of a sentence under which a petitioner is presently restrained. Because the petitioner had not yet begun to serve his sentence on a contempt conviction – which followed imposition of sentence for an underlying crime – the court held §2255 was not the proper vehicle by which to attack his sentence on the contempt conviction. Rather, the court held the petitioner was entitled to relief under the writ of *coram nobis*.

Notwithstanding the foregoing, this Court notes the writ of *coram nobis* is an extraordinary remedy to correct errors "of the most fundamental character." *United States. v. Esogbue*, 357 F.3d 532, 535 (5th Cir. 2004), *citing United States v. Morgan*, 346 U.S. 502, 512, 74 S.Ct. 247, 98 L.Ed. 248 (1954). It is well-settled "[c]ontinuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice." *Morgan*, 356 U.S. at 511. A writ of *coram nobis* "will issue only when no other remedy is available and when 'sound reasons exist[] for failure to seek appropriate earlier relief.' " *United States v. Dyer,* 136 F.3d at 422, quoting *Morgan,* 346 U.S. at 512, 74 S.Ct. 247.

It is unclear to this Court whether the fact that petitioner has not begun serving the sixty-month consecutive sentence might open the door to *coram nobis* relief. The Fifth Circuit has noted "*coram nobis* normally lies only when the petitioner is no longer in federal custody." *Correa-Negron v. U.S.*, 473 F.2d 684, 685 (5th Cir. 1973), *citing United States v. Brown*, 413 F.2d 878 (9th Cir. 1969); *United States v. Sullivan*, 278 F. Supp. 626 (D.Haw.1968). As the Fifth Circuit noted

2

in *Correa-Negron*:

> Where a petitioner is still in federal custody, relief from a prior invalid conviction must be sought by means of § 2255; for coram nobis survives only to the extent that it has not been replaced by statute and, therefore, is open to a prisoner only when his statutory remedies are unavailable or inadequate.

473 F.2d at 685.

Petitioner appears to fall within a gray area not discussed in prior jurisprudence, that is, petitioner is currently in federal custody serving a sentence for an underlying crimes, but has not yet started serving his consecutive sentence on a firearm charge. This Court could find no guidance on the issue of whether the facts and circumstances of this case might open the door to potential *coram nobis* relief.

However, what *is* clear is that petitioner could have asserted his jurisdictional claim in his original *habeas* petition. *See Godoski v. United States*, 304 F.3d 761, 763 (7th Cir.2002) ("*coram nobis* is a common-law writ, and it is entirely inappropriate for the judiciary to invoke the common law to override limitations enacted by Congress, such as the period of limitations in § 2255"), *cert. denied*, 537 U.S. 1211, 123 S.Ct. 1304, 154 L.Ed.2d 1059 (2003); *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir.) ("A petitioner may not resort to *coram nobis* merely because he has failed to meet the AEDPA's gatekeeping requirements. To hold otherwise would circumvent the AEDPA's overall purpose of expediting the presentation of claims in federal court and enable prisoners to bypass the limitations and successive petitions provisions."), *cert. denied*, 537 U.S. 1022, 123 S.Ct. 544, 154 L.Ed.2d 431 (2002). Indeed, in the instant case, as the magistrate judge noted, petitioner has already filed one §2255 *habeas corpus* petition, which was denied. Although the grounds for asserting the jurisdictional claim existed at the time of filing of that original *habeas* petition,

petitioner did not raise the jurisdictional claim in his original *habeas* petition, and petitioner has not provided "sound reasons" for his failure to do so.

Here, petitioner's present assertions amount to claims he reasonably could have raised in his original *habeas* petition. Considering the foregoing, this Court concludes that, to the extent the petitioner might otherwise have been entitled to *coram nobis* relief, petitioner has not made the necessary showing of a "complete miscarriage of justice." On the other hand, to the extent the petitioner's motion is properly construed as a §2255 *habeas* petition, inasmuch as the motion seeks to vacate petitioner's sentence on the firearm charge, this Court agrees with the magistrate judge the motion is a successive §2255 *habeas* petition and should be transferred to the United States Court of Appeals for the Fifth Circuit United pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. §2244(b).

Considering the foregoing, IT IS ORDERED, ADJUDGED AND DECREED that Ramon's A. Paniagua's *pro se* Motion to Dismiss for Lack of Jurisdiction and Amended Motion to Dismiss [Docs. 278 & 280] is deemed a successive *habeas* corpus petition and is TRANSFERRED to the United States Court of Appeals for the Fifth Circuit United pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. §2244(b).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, to the extent the petitioner is seeking *coram nobis* relief, such request for relief is DENIED, this Court concluding petitioner has not made the necessary showing of a "complete miscarriage of justice."

Signed at Lafayette, Louisiana, this 9th day of June, 2010.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

4