UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 02-60033-01 |
| | CIVIL ACTION NO. 11-cv-01261 |
| VERSUS | JUDGE DOHERTY |
| RAMON A. PANIAGUA | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Ramon A. Paniagua ("Petitioner") is incarcerated at a federal correctional center in Fort Dix, New Jersey. Currently before this Court is his *pro se* petition for writ of *habeas corpus*. (Rec. Doc. 308). Petitioner contends that this Court had no jurisdiction over one of the crimes of which he was accused, and he also contends that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is unconstitutional because it restricts the filing of successive *habeas* petitions. The respondent was served and has filed an answer (Rec. Doc. 310), a memorandum (Rec. Doc. 310-1) in response to the motion, and a reply memorandum (Rec. Doc. 313).

This matter was referred to the undersigned for review, report, and recommendations in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.

For the following reasons, it is recommended that claims asserted in the instant petition be DISMISSED.

## BACKGROUND

On May 14, 2003, a federal grand jury returned a six-count superseding indictment against Petitioner and others. (Rec. Doc. 63). In Count One, Petitioner was charged with conspiracy to distribute cocaine hydrochloride. In Count Two, Petitioner was charged with possession of cocaine with intent to distribute. In Count Four, Petitioner was charged with use of a firearm in relation to a drug trafficking crime. On January 19, 2005, pursuant to a written plea agreement, Petitioner pleaded guilty to Counts One, Two, and Four. (Rec. Doc. 169, 170).

Petitioner was subsequently sentenced to 168 months imprisonment as to Counts One and Two and sixty months imprisonment as to Count Four. The sentence for Count Four was to run consecutively to the sentence for Counts One and Two. The total term of imprisonment is, therefore, 228 months. (Rec. Docs. 228-229).

In August 2006, Petitioner filed a notice of appeal. (Rec. Doc. 233). In September 2006, the Fifth Circuit Court of Appeals dismissed Petitioner's appeal as frivolous. (Rec. Doc. 256).

In August 2007, Petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on the basis of ineffective assistance of counsel. (Rec. Doc. 262). He did not raise the claims asserted in the instant petition. The motion was denied. (Rec. Docs. 268, 270).

Petitioner then filed a notice of appeal and a request for a certificate of appealability. (Rec. Docs. 271, 273). The district court denied the request for certificate of appealability. (Rec. Doc. 274). Petitioner filed a notice of appeal. (Rec. Doc. 276). The Fifth Circuit ruled on the appeal and denied Petitioner's request for a certificate of appealability, concluding that Petitioner failed to make a substantial showing of the denial of a Constitutional right.

While the appeal was pending, Petitioner filed and amended a motion to dismiss for lack of jurisdiction (Rec. Docs. 278, 280), arguing that the district court lacked jurisdiction to convict him on Count Four because there is no evidence that he used a firearm in Louisiana in connection with the alleged drug trafficking offenses. He argued that he is alleged to have been in possession of firearms only in Connecticut where he was arrested for being a fugitive. He sought to have his conviction and sentence on Count Four vacated and set aside.

This Court found that the motions (Rec. Docs. 278 and 280) constituted a successive *habeas corpus* petition and, because Petitioner had not received prior authorization to file it, transferred the motion to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1631. (Rec. Docs. 291, 292). Petitioner appealed the transfer, but failed to comply with the appellate court's notice. (Rec. Doc. 305). The Fifth Circuit dismissed the appeal for lack of jurisdiction. (Rec. Doc. 307). The instant petition, which again challenges Petitioner's conviction on Count Four and adds a new claim that the AEDPA's provisions concerning successive *habeas* motions are unconstitutional, was filed on June 27, 2011. (Rec. Doc. 308).

## **Law and Analysis**

Petitioner presents two claims: (1) that his conviction and sentence should be vacated because the trial court had no jurisdiction over Count Four of the indictment; and (2) that the AEDPA's restriction on successive *habeas corpus* petitions is unconstitutional. This Court has no jurisdiction over the first claim, and the second claim has no merit. Accordingly, the instant petition should be dismissed.

I. **THE CLAIM REGARDING COUNT FOUR IS A SUCCESSIVE § 2255 MOTION, WHICH THIS COURT HAS NO JURISDICTION TO CONSIDER.**

Petitioner's first claim attacks the underlying conviction and sentence in his criminal case and seeks to have the conviction and sentencing on Count Four of the superseding indictment vacated. Accordingly, it is the functional equivalent of a § 2255 motion.[1] Petitioner did not raise this issue in his original § 2255 motion (Rec. Doc. 262) but he could have done so, and he did raise it in a prior motion (Rec. Docs. 268, 270).

When a claim was available to a petitioner and he could have asserted it in his initial *habeas* motion, but the claim was not raised in the initial application for post-conviction relief and only asserted in a later pleading, the claim is properly classified as "second or successive" under the AEDPA.[2] Accordingly, Petitioner's prior motion (Rec. Docs. 268, 270) was deemed to be successive and was transferred to the Fifth Circuit Court of Appeals. Consistently, Petitioner's instant claim regarding his conviction on Count Four is also successive.

The Fifth Circuit has suggested that the transfer of a successive § 2255 petition might be appropriate in some cases and has set forth a procedure to be used when a

---

[1] *Gonzales v. Crosby*, 545 U.S. 524, 531-32 (2005).

[2] *United States v. Orozco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000).

successive petition filed without prior authorization is transferred to the appellate court by a district court.[3] Transfer of this case is authorized by 28 U.S.C. § 1631, which states that:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred . . . .

However, transfer is not appropriate in this case.

A prisoner is permitted to file a second or successive § 2255 motion only under certain circumstances. First, he must receive authorization from the court of appeals before filing a second or successive § 2255 motion.[4] In this matter, there is no indication in the record that Petitioner sought authority from the Fifth Circuit before filing the instant petition. When a prisoner's motion is construed as a successive § 2255 motion, and the motion was filed without authorization from the appellate court, the district court lacks jurisdiction to entertain the motion.[5] The prisoner's failure to

---

[3] *In Re Epps*, 127 F.3d 364 (5th Cir. 1997).

[4] 28 U.S.C. §§ 2255, 2244(b)(3)(A).

[5] *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). See, also, *United States v. Jefferson*, 225 Fed. App'x 264, 264 (5th Cir. 2007).

seek appellate court authorization acts as a jurisdictional bar.[6] Consequently, until such time as Petitioner obtains authorization, this Court has no jurisdiction over Petitioner's pending petition.[7] Therefore, the instant petition may be treated exactly the way the previous successive motion was treated – by transferring it to the Fifth Circuit – or it may be dismissed for lack of jurisdiction.

Under the AEDPA, any claim presented in a "second or successive" petition should be dismissed if the petitioner presented that same claim in a previous application.[8] Petitioner's current claim regarding Count Four of the indictment was presented in the motion he filed 2009 (Rec. Docs. 278 and 280). Therefore, Petitioner's claim concerning the Court's jurisdiction over his firearms conviction should be dismissed.

AEDPA also states that, if a petitioner presents a new claim in a "second or successive" *habeas* application, that claim must be dismissed unless (1) the petitioner is relying on a new rule of constitutional law that was previously unavailable, or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim would establish, by

---

[6] *United States v. Key*, 205 F.3d at 774.

[7] *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d at 774; *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

[8] 28 U.S.C. § 2244(b)(1).

clear and convincing evidence that, but for Constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.[9] The instant petition does not seek to establish either of these two exceptions to the rule prohibiting "second or successive" *habeas* applications. It does not rely upon newly discovered facts or upon a new rule of Constitutional law. For that reason, it does not satisfy AEDPA's requirements for permissible "second or successive" § 2255 motions.

Therefore, the instant petition is flawed for two reasons: Petitioner did not seek authority from the Fifth Circuit before filing the motion, and the motion does not satisfy AEDPA's criteria for sustainable "second or successive" motions.

The undersigned concludes that the instant petition may be dismissed or it may be transferred to the court of appeals so that the Petitioner may seek permission from that court to file this successive motion, as Petitioner's previous successive motion was. Since this is the second time Petitioner has filed a successive motion and since Petitioner previously asserted the identical claim regarding Count Four in his earlier successive motion, the undersigned recommends that the instant petition be dismissed.

---

[9] 28 U.S.C. § 2244(b)(2)(A)-(B)(ii).

## II. THE AEDPA'S RESTRICTION ON SUCCESSIVE § 2255 MOTIONS IS NOT UNCONSTITUTIONAL.

Petitioner's second claim is that the AEDPA's restriction on the filing of successive § 2255 motions is unconstitutional. In his original briefing, Petitioner did not cite a particular Constitutional provision that he contends is violated by the statute, but in his reply brief he argued that his due process rights under the Fifth and Fourteenth Amendments are violated by the AEDPA's restrictions. His contention may also be liberally construed as a Rule 60(b) motion attacking a defect in the integrity of the federal *habeas* proceedings by denying his access to the courts.[10] Unlike Petitioner's first claim, this claim is not in the nature of a *habeas corpus* motion because it does not attack the merits of the trial court's conviction and sentencing. Therefore, there is no basis for transferring it to the Court of Appeals and it must, instead, be resolved in this forum.

The Fifth Circuit has already held that the AEDPA's amendments to § 2244(b) (the statute including the restrictions on successive *habeas corpus* motions) do not violate the Fifth, Eighth, and Fourteenth Amendments.[11] Although prisoners have a

---

[10] See *Gonzalez v. Crosby*, 545 U.S. 523, 532 (2005).

[11] *Graham v. Johnson*, 168 F.3d 762, 787 (5th Cir. 1999).

constitutional right to adequate, effective, and meaningful access to the courts,[12] that right is not abridged by the AEDPA either.

The AEDPA's restriction on successive petitions serves two functions. It transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court,[13] and it "constitute[s] a modified res judicata rule,"[14] which is a permissible restriction on writs of *habeas corpus* rather than a suspension of the writ that would violate the Constitution.[15] Significantly, the Fifth Circuit has held that the AEDPA does not restrict a person's ability to file necessary legal documents, and thus does not deny a person's right of access to the courts.[16]

Petitioner has not demonstrated that his Constitutional rights have been violated by the AEDPA's provision concerning the filing of successive § 2255 motions, and he cannot do so. This claim has no merit, and should be denied.

---

[12] *Brewer v. Wilkinson*, 3F.3d 816, 820 (5th Cir. 1993); *Bounds v. Smith*, 430 U.S. 817, 821 (1977).

[13] *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

[14] *Felker v. Turpin*, 518 U.S. at 664.

[15] *Felker v. Turpin*, 518 U.S. at 664; *Graham v. Johnson*, 168 F.3d at 787.

[16] *Dufrene v. Brazoria County Dist. Atty. Office*, 146 Fed. App'x 715, 717 (5th Cir. 2005).

### *Conclusion and Recommendations*

It is recommended that the instant petition (Rec. Doc. 305) be DISMISSED. Petitioner's claim relating to his conviction and sentence on Count Four of the superseding indictment is the functional equivalent of a "second or successive" § 2255 application, which does not satisfy the AEDPA's requirements for permissible "second or successive" applications and was not authorized by the Fifth Circuit Court of Appeals. Therefore, it is recommended that this claim be deemed a successive *habeas corpus* petition and dismissed for lack of jurisdiction. Petitioner's challenge to the constitutionality of the AEDPA's restrictions on successive § 2255 motions lacks merit, and it is recommended that it also be dismissed.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this report and recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within fourteen days following the date of its service, or within the time frame authorized by

Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

Signed at Lafayette, Louisiana, this 28th day of November 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)