UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 02-60033-01** |
| **VERSUS** | **JUDGE DOHERTY** |
| **RAMON A. PANIAGUA** | **MAGISTRATE JUDGE HANNA** |

### REPORT AND RECOMMENDATION

Before the Court is the "Motion under Rule Civil Procedure 60(b)(6) to Reopen Habeas Proceedings" filed on November 3, 2016 in proper person by Ramon A. Paniagua.  [rec. doc. 346]. This matter was referred to the undersigned for Report and Recommendation.  [rec. doc. 348].

For the reasons set forth below, the undersigned **RECOMMENDS** that the instant  "Motion under Rule Civil Procedure 60(b)(6) to Reopen Habeas Proceedings" [rec. doc. 346] be construed as a second or successive Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255 and therefore be **DISMISSED** for lack of subject matter jurisdiction, or alternatively, **DENIED** and **DISMISSED** on the merits.

### FACTUAL AND PROCEDURAL HISTORY

Petitioner was named in a six count superceding indictment, which included as Count 4 a charge that petitioner possessed a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).  [rec. doc. 63].

Petitioner pled guilty to Counts 1, 2 and 4 on January 19, 2005. [rec. docs. 169 and 170]. On August 12, 2005, he was sentenced to 60 months imprisonment as to Count 4, the sentence to run consecutive to his 168 month sentence imposed for Counts 1 and 2, for a total of 228 month imprisonment. [rec. doc. 228 and 229].

Petitioner's direct appeal was dismissed as frivolous by the Fifth Circuit on August 25, 2006, and was issued as mandate on September 18, 2006. [rec. doc. 256].

On August 27, 2007, petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 asserting various ineffective assistance of counsel claims during plea negotiations and at sentencing. Following a response by the government, a Reply by petitioner, and a Report and Recommendation by Magistrate Judge Methvin, the motion was denied and dismissed with prejudice. [rec. docs. 262, 266, 267, 268 and 270]. The Fifth Circuit denied petitioner's request for a certificate of appealability on September 10, 2009. [rec. doc. 283].

While his request for a certificate of appealability was pending, petitioner filed a "Motion to Dismiss for Lack of Jurisdiction" citing Rule 60(b)(4), FRCP; an amended motion was filed on May 29, 2009. [rec. docs. 278 and 280]. In this Motion, petitioner argued that this Court lacked jurisdiction to accept his guilty plea on Count 4 because the firearm was recovered from a storage facility in Connecticut, while the drug offenses were alleged to have been committed in

Louisiana. Thus, petitioner claimed that he was not in possession of a firearm in Louisiana during or in relation to a drug trafficking offense in Louisiana.

The government filed a response arguing that the motion constituted a second or successive § 2255 motion which was filed without prior authorization of the Fifth Circuit. [rec. doc. 282]. Petitioner filed a reply arguing that his motion did not constitute a second or successive § 2255 motion, and that relief could be obtained via a writ of *coram nobis*. [rec. doc. 284]. The undersigned Magistrate Judge issued a Report and Recommendation rejecting petitioner's argument, finding that the motion was properly characterized as a second or successive § 2255 motion, filed without proper authorization, and therefore recommended that the pleading be transferred to the Fifth Circuit. [rec. doc. 289]. On June 9, 2010, Judge Doherty agreed, deeming the motion a successive *habeas corpus* petition which should be transferred to the Fifth Circuit, and alternatively to the extent petitioner was seeking *coram nobis* relief, denied the request because petitioner had not made the necessary showing for such relief. [rec. docs. 291 and 292].

On June 18, 2010, the Fifth Circuit notified petitioner that it had received his successive motion from this Court and instructed petitioner to file a motion for authorization to proceed. [rec. doc. 297]. On July 26, 2010, the Fifth Circuit denied petitioner authorization to file a second or successive § 2255 motion

because petitioner did not comply with the Court's June 18, 2010 notice. [rec. doc. 305]. Petitioner additionally appealed this Court's ruling to the Fifth Circuit. [rec. doc. 295]. On September 1, 2010, the Fifth Circuit dismissed petitioner's appeal for lack of jurisdiction because this Court's transfer order was a non-appealable interlocutory order. [rec. doc. 307].

On June 27, 2011, petitioner filed another § 2255 motion, again arguing that this court lacked jurisdiction to convict him on Count 4 because no drug trafficking offense occurred in Connecticut where the firearm was found. He additionally argued that AEDPA's restriction on second or successive § 2255 motions was unconstitutional. [rec. doc. 308]. Following a response by the government and a reply by petitioner, the undersigned magistrate judge issued a Report and Recommendation, finding that petitioner's claim challenging his conviction for Count 4 constituted a successive § 2255 motion filed without prior authorization of the Fifth Circuit which should be dismissed, rather than transferred, as this was the second time that petitioner had filed an unauthorized successive § 2255 motion. The undersigned additionally found that liberally construing petitioner's second claim regarding the unconstitutionality of the AEDPA restriction on second or successive § 2555 as a Rule 60(b) motion, the claim should be dismissed for lack of merit. [rec. doc. 314]. Judge Doherty ultimately agreed, adopting the undersigned's findings and conclusions, and accordingly, dismissed the petition on January 3, 2012. [rec. doc. 318].

Petitioner appealed. [rec. doc. 319]. On September 27, 2012, the Fifth Circuit denied petitioner a certificate of appealability, finding that he had not made the requisite showing. [rec. doc. 324].

Undaunted by the prior rulings of this Court and the Fifth Circuit, on November 3, 2016, petitioner filed the instant Motion purportedly under Rule 60(b)(6). By this Motion, petitioner again attempts to attack his conviction under Court 4 of the indictment because the firearm was confiscated in a storage facility in Connecticut. He adds, however, that the storage facility was not leased by him, but rather was "obviously" leased by a person working for the government, and that he was thereby entrapped. He asserts that relief is available under Rule 60(b)(6) because he is not attacking the underlying conviction, but rather attacks only the integrity of his prior habeas proceeding. This contention is based on petitioner's claim that this Court *should have* denied his prior successive proceedings with prejudice. Petitioner also asserts that in his first or initial habeas proceeding "he failed to argue that counsel in his direct appeal had been constitutionally ineffective in failing to appeal sentencing errors." Accordingly, he seeks to "reopen" the proceeding under Rule 60(b)(6).

## LAW AND ANALYSIS

### I. Second or Successive Petition

In light of the above procedural history, it is clear that the instant Motion is

properly construed as a second and successive § 2255 Motion filed without proper authorization. Hence, this court lacks subject matter jurisdiction to consider same.

The United States Supreme Court has set forth the circumstances under which a motion for relief from judgment pursuant to FRCP 60(b) in *habeas corpus* proceedings constitutes the filing of a successive petition under AEDPA. *Gonzalez v. Crosby,* 545 U.S. 524, 125 S.Ct. 2641 (2005). In *Gonzalez*, the Court held that a Rule 60(b) Motion filed after disposition of a §2254 *habeas corpus* petition advancing one or more new "claims" (grounds for relief) or attacking the federal court's previous resolution of a "claim" on the merits, although labeled a Rule 60(b) Motion, is, in substance, a successive habeas petition and should therefore be treated accordingly.[1] *Id.* at 2648. Thus, when a Rule 60(b) motion presents a substantive claim which attacks an underlying conviction, the pleading is construed as a successive habeas petition that requires pre-certification from the

---

[1] The Court recognized that if this were not the case, such pleadings would be inconsistent with and circumvent AEDPA's requirements on the filing of *habeas corpus* actions. *Id.* at 2647. On the other hand, when no "claim" is presented, that is, when neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's conviction or sentence, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules, and therefore the motion may properly be considered. In other words, a procedural argument raised via Rule 60(b) is not a "claim" and hence, not a new collateral attack. *See United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005).

The undersigned notes that the *Gonzalez* Court expressly limited its decision to §2254 actions, applicable to state prisoners, as opposed to §2255 motions, applicable to federal prisoners. *Id.* at 2646 fn. 3. However, the Fifth Circuit and this court have applied the *Gonzalez* holding and rationale to § 2255 Motions. *United States v. Hernandes,* 708 F.3d 680, 681 (5th Cir. 2013) *citing United States v. Williams*, 274 Fed.Appx. 346, 347 (5th Cir. 2008) (applying *Gonzalez* to § 2255 motions); *United States v. Allen*, 2006 WL 373488, *2 at fn. 5 (W.D. La. 2006) *citing United States v. Scott,* 414 F.3d 815 (7th Cir. 2005) and *United States v. Terrell*, 141 Fed. Appx. 849, 851 (11th Cir. 2005); *United States v. Blount*, 2006 WL 162981, *2 at fn. 2 (W.D. La. 2006).

appropriate appellate court. Conversely, when the Rule 60(b) motion asserts a procedural defect in the integrity of the court's habeas proceeding, it is properly construed as filed pursuant to Rule 60(b). *Gonzalez,* 125 S.Ct. at 2646-2648. Procedural defects are narrowly construed, however. *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014). They include "[f]raud on the habeas court," as well as erroneous "previous ruling[s] which precluded a merits determination . . . for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id. citing Gonzalez*, 545 U.S. at 532, n. 5 and *Balentine v. Thaler*, 626 F.3d 842, 846-847 (5th Cir. 2010) *quoting Gonzalez*, 545 U.S. at 532 n. 4. They generally do not include "an attack based on the movant's own conduct, or his habeas counsel's omissions . . . . " *Id. quoting Gonzalez*, 545 U.S. at 532 n. 5.

In light of the above procedural history, by this Motion, petitioner is attempting to attack his conviction on Count 4 of the indictment and petitioner again seeks to have his conviction and sentence on Count 4 vacated. Petitioner argues, as he did with respect to his two prior successive motions filed in 2009 and 2011, that the firearm was confiscated in a storage facility in Connecticut, not Louisiana. Petitioner did not assert in any of his prior motions that the storage facility was not leased by him, but rather was "obviously" leased by a person working for the government, and that he was thereby entrapped, or that he was

denied the effective assistance of appellate counsel.  Nevertheless, petitioner's present claims are properly construed as new substantive claims for relief on the merits that have not previously been presented to this court or to the Fifth Circuit. Under *Gonzalez*, the presence of these substantive claims render the instant motion second and successive.  *Id*. at 2648;  *United States v. Hernandes,* 708 F.3d 680, 681 (5th Cir. 2013) *citing Gonzalez*, 545 U.S. at 532 & n. 4 ("where a Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion."); *In re Coleman,* 768 F.3d at 371-372; *United States v. Terrell*, 141 Fed. Appx. 849, 851 (11th Cir. 2005) *citing Gonzalez*; *United States v. Reaux,* 2005 WL 2036922, *1 (E.D. La. 2005) *citing Gonzalez*; *United States v. Cornett*, 2006 WL 213901, *1 (S.D. Tex. 2006). For these reasons, the instant motion is properly characterized as a second and successive motion for relief under  § 2255.

Moreover, petitioner could have raised these claims in his prior motions. When a claim is available to a petitioner and he could have asserted it in his initial habeas motion, but the claim is not raised in the initial motion and instead raised only in a later pleading, the pleading is properly classified as "second or successive" under AEDPA. *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) *citing Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) ("an application filed after a previous application was fully

adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised."); *In Re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) (a later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ."). *See also United States v. Orozsco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000).

The undersigned's conclusion is supported by Fifth Circuit authority predating *Gonzalez* holding that a Rule 60(b) motion filed after the resolution of a § 2255 motion may be construed as a second or successive motion governed by the gate-keeping provisions of the AEDPA. *U.S. v. Rich*, 141 F.3d 550 (5th Cir. 1998). *Rich* has not been altered by *Gonzalez*. *United States v. Allen*, 2006 WL 373488, *2 (W.D. La. 2006); *United States v. Blount*, 2006 WL 162981, *2 (W.D. La. 2006). Petitioner is requesting a second (or third) review of claims presented in his previously disposed of successive §2255 motions, and first review of new claims for relief which should have been presented in his prior initial proceeding. Thus, the instant motion is clearly the functional equivalent of a new or continuing collateral attack on his conviction and sentence. Accordingly, under controlling Fifth Circuit precedent, the instant motion is properly construed as a second and successive § 2255 motion. *U.S. v. Rich*, 141 F.3d 550 (5th Cir. 1998). *See also*

*Kutzner v. Cockrell,* 303 F.3d 333, 338 (5th Cir.2002) ( § 2254 petition); *Hess v. Cockrell,* 281 F.3d 212, 214 (5th Cir. 2002) (same); *Fierro v. Johnson,* 197 F.3d 147, 151 (5th Cir. 1999) (same).

Rule 60(b) cannot be used to circumvent restraints placed on successive motions. *Rich*, 141 F.3d at 553; *Allen* and *Blount*, *supra*. Before a petitioner can proceed with a second or successive motion, petitioner is required to move in the appropriate circuit court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. §2244(b)(3)(A)[2]; *Rich*, 141 F.3d at 553; *Allen* and *Blount*, *supra*. Petitioner has not received such authorization. Accordingly, until such time as petitioner obtains this authorization, this Court is without jurisdiction to proceed. *Rich*, *Allen* and *Blount*, *supra. See also United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Therefore, this court lacks subject matter jurisdiction to consider this motion and the motion must be dismissed on that basis.[3]

---

[2]Title 28 U.S.C. § 2244(b)(3)(A) provides, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[3]Although some district courts have transferred second or successive petitions to the Fifth Circuit for authorization, a transfer is not mandatory. *See In Re Epps*, 127 F.3d 364 (5th Cir. 1997) (adopting a procedure to be used when a successive petition filed without prior authorization is transferred); *See also United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015) *citing In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (*per curiam*). To the contrary, a district court may dispose of a petition lacking authorization through dismissal. *Fulton*, 780 F.3d at 686 *citing United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Under the facts and circumstances of this case, the undersigned concludes that the appropriate action for this Court to take is to dismiss this action due to petitioner's failure to obtain proper authorization from the United States Fifth Circuit Court of Appeals. This is particularly the case given that this is the third petition filed by petitioner without proper authorization.

## II. Merits

The sole allegation that there may have been a defect in the prior *habeas* proceedings is petitioner's peculiar contention that this Court should have denied his prior successive proceedings with prejudice. Petitioner relies on non-binding Second Circuit case law (*Rodriguez v. Mitchell*, 252 F.3d 191 (2nd Cir. 2001) and *Gitten v. United States*, 311 F.3d 529 (2nd Cir. 2002) which pre-date the United States Supreme Court's more recent pronouncement in *Gonzalez* on Rule 60(b) Motions filed after disposition of a habeas petition on the merits. Accordingly, petitioner's citation to these cases is inapposite.

Further, under binding Fifth Circuit authority, when the Court deems a pleading to constitute a second or successive petition, the Court may transfer the petition to the Fifth Circuit for authorization, or may dispose of a petition lacking authorization through dismissal. *See In Re Epps*, 127 F.3d 364 (5th Cir. 1997) (adopting a procedure to be used when a successive petition filed without prior authorization is transferred); *See also United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015) *citing In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (*per curiam*) and *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Under the facts and circumstances of the prior successive motions, this Court concluded that the appropriate action for the first such motion was transfer to the Fifth Circuit for authorization and for the second such motion, dismissal of the action due to

petitioner's failure to obtain proper authorization from the United States Fifth Circuit Court of Appeals.  Petitioner has not shown that these actions were in any way defective such that the instant motion could be deemed as properly filed pursuant to Rule 60(b).

However, in the event that this court has jurisdiction to entertain the instant Motion under Rule 60(b)(6), it is clear that relief under Rule 60(b)(6) is unavailable to petitioner.  Rule 60(b) provides six alternative grounds for relief.  These grounds are as follows:  "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

Generally, the burden of establishing at least one of these reasons is on the moving party. *United States v. Harrison County, Mississippi,* 463 F.2d 1328, 1330 (5th Cir. 1972).  The decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court. *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (*en banc*).

Petitioner cites Rule 60(b)(6) in his Motion.[4] However, petitioner does not qualify for relief under Rule 60(b)(6). Rule 60(b)(6) operates as a catchall provision. *Hess v Cockrell*, 281 F.3d 212, 215-217 (5th Cir. 2002). Accordingly, relief under Rule 60(b)(6) is warranted only in "exceptional circumstances." *Id*.; *Heirs of H.P. Guerra v. United States*, 207 F.3d 763, 767 (5th Cir. 2000) (citations omitted). The Fifth Circuit has held that there are several factors to consider in deciding a Rule 60(b)(6) motion, including: (1) whether the motion was made within a reasonable time, (2) whether the movant had a fair opportunity to present his claim or defense, and (3) whether granting relief would be equitable. *United States v. Bounds*, 2006 WL 2087761, *1 (W.D. La. 2006) *citing Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir.1981). This case does not present the court with the unique circumstances warranting relief under Rule 60(b)(6).

The instant motion was not made within a reasonable time. In this case,

---

[4] Petitioner does not argue, nor does he qualify for relief under subsections one through five of Rule 60(b). Petitioner has not established mistake, inadvertence, surprise, or excusable neglect with respect to any of his prior post-conviction proceedings. Petitioner's claims are not based on newly discovered evidence which in the exercise of due diligence could not have been previously discovered. To the contrary, petitioner's claims focus on events which allegedly occurred prior to, or contemporaneously with, his 2003 arrest in Connecticut and his 2005-2006 direct appeal. Rather than properly raising these claims by appeal or initial § 2255 motion, petitioner waited over ten years before filing the instant motion. Petitioner has not established fraud, misrepresentation, or other misconduct by the government during these proceedings. Petitioner's judgment of conviction and sentence are not void, and this court's prior judgments with respect to petitioner's successive § 2255 motions have not been reversed or otherwise vacated, nor is it inequitable that these judgments have prospective application. The Fifth Circuit has been presented with this Court's rulings and has declined to take any action to invalidate them. Moreover, any argument under subsections one, two and three cannot be considered because more than one year has elapsed since this court's ruling on petitioner's initial and prior successive § 2255 motions and sentencing. *See* F.R.C.P. 60(b); *Bounds*, 2006 WL 2087761 at *1.

over six years have elapsed since Judge Doherty transferred petitioner's first successive § 2255 motion to the Fifth Circuit, and alternatively denied petitioner's request for *coram nobis* relief because petitioner had not made the necessary showing for such relief.   This Court has previously held that a six year interval was not a reasonable amount of time to present a Rule 60(b)(6) challenge. *Bounds*, 2006 WL 2087761, *1.   Over five years have elapsed since Judge Doherty dismissed petitioner's second successive § 2255 motion challenging his conviction for Count 4 and Rule 60(b) motion challenging the constitutionality of the AEDPA restriction on second or successive § 2555 motions for lack of merit.

    Petitioner had a fair opportunity to present his substantive claims to this Court.  Petitioner's substantive claims focus on events which allegedly occurred prior to, or contemporaneously with, his 2003 arrest in Connecticut and his 2005-2006 direct appeal. Thus, they could have been presented by petitioner in his initial or first § 2255 motion, but were not.

    Under the circumstances of this case, it would be inequitable to grant relief. Petitioner had an opportunity to object to this Court's prior rulings on his initial and successive § 2255 Motions, and in fact, availed himself of those opportunities. [*See* rec. docs.  269, 290 and 317].  Petitioner sought appellate review of this Court's adverse decisions. [*See* rec. docs. 271, 283, 295, 307, 319 and 324]. Petitioner had an opportunity to address this Court's transfer order to obtain

authorization from the Fifth Circuit to file a successive § 2255 motion, but he failed to avail himself of the opportunity. [rec. docs. 297 and 305].

For these reasons, exceptional circumstances are not present and relief under Rule 60(b)(6) is not warranted.

For the reasons set forth above;

**IT IS RECOMMENDED** that the instant "Motion under Rule Civil Procedure 60(b)(6) to Reopen Habeas Proceedings" [rec. doc. 346] be construed as a second or successive Motion to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255 and therefore be **DISMISSED** for lack of subject matter jurisdiction, or alternatively **DENIED** and **DISMISSED** on the merits.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either

the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED** in chambers, in Lafayette, Louisiana, this 5th day of January, 2017.

_____
**PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE**